UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS J. STEINKE,

                Plaintiff,

v.                                               Case No. 17-cv-653-pp

BETH DITTMANN, *et al.*,

                Defendants.

**ORDER CORRECTING DOCKET, ORDERING SERVICE ON DEFENDANT LISA ROST, DISMISSING DEFENDANT JOHN DOE CO, AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 37)**

On February 26, 2018, the court ordered the parties to file amended pleadings by April 30, 2018. Dkt. No. 29. On March 28, 2018, the plaintiff filed a one-page document, identifying the individuals whom he had identified only as John Does in the amended complaint (Dkt. No. 18). Dkt. No. 30. The clerk's office construed the March 28, 2018 document as a motion to amend the complaint, and docketed it as the plaintiff's second amended complaint. Id.

The plaintiff was not seeking to amend the complaint—his motion did not add any new allegations or claims. He was trying to do what the court told him he could do—substitute the real names of the John and Jane Doe defendants once he discovered who they were. Because the motion showed up on the docket as a second amended complaint, however, all of the newly-named defendants except Lisa Rost answered. Dkt. No. 34. At that time, the clerk's office added each of the names the plaintiff had listed in the motion to the

docket as defendants, except that of Lisa Rost. Id. So, despite not having been served with the amended complaint (dkt. no. 18, which is the operative complaint in the case), all but one of the newly-named defendants have filed an answer.

The court will require the clerk's office to correct the docket, to show that the plaintiff filed a motion to substitute defendants, *not* a second amended complaint. The court will order the clerk's office to substitute Lisa Rost's name for that of WI DOC DCI John Doe HSU staff; the failure to do so appears to have been an oversight. The court will order service on defendant Rost, and allow her to answer or otherwise respond.

The court notes that along with his motion to substitute the real names of the Doe defendants, the plaintiff included 328 pages of exhibits. Dkt. No. 30-1. It is not entirely clear from the plaintiff's one-page motion, but it appears that possibly he expects that the court will go through these 328 pages of documents and identify possible other defendants whom he has not named. That is not the court's responsibility, and the court will not review those documents. They are not exhibits to his operative complaint (dkt. no. 18). If, at some later date in the case, the plaintiff wishes to use those documents as evidence—for example, as part of his summary judgment response, if any—he may notify the court of that at the appropriate time. For now, the court will take no further action on those documents.

Meanwhile, the deadline the court previously set for parties to file dispositive motions was July 6, 2018. Dkt. No. 29. On June 25, 2018, the

court received a motion from the defendants, asking to extend that deadline. Dkt. No. 37. They explain that there has been a delay in their ability to obtain necessary medical documents from one of the plaintiff's medical providers; they need to review those documents before filing any dispositive motions. Id. at 2. They ask for an additional thirty days to file dispositive motions. Id. at 1. The court will grant that request.

Finally, on July 2, 2018, the court received a letter from counsel for the defendants. Dkt. No. 38. Counsel had recently learned from the plaintiff's father, via email, that the plaintiff was due to be released from custody sometime in July 2018. Id. Counsel had responded to the plaintiff's father, advising him that the plaintiff would need to notify the court of his change in address. Id. The court needs a valid mailing address for the plaintiff; without one, it cannot send him the documents he needs. As of the date of this order, the court has not received a change of address notification from the plaintiff. The court contacted the plaintiff's state supervision officer, who indicated that the plaintiff is currently confined at the Kenosha County Detention Center. The court will forward a copy of this order to the plaintiff there. The court appreciates defense counsel's assistance in bringing this to the court's attention.

The court **ORDERS** the clerk's office to correct docket no. 30 to indicate that the plaintiff named the John Doe defendants.

The court **ORDERS** the clerk's office to substitute Lisa Rost for WI DOC DCI John Doe HSU Staff.

Under the informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's amended complaint (dkt. no. 18) and this order to the Wisconsin Department of Justice for service on Lisa Rost. The court **ORDERS** Lisa Rost to file a responsive pleading to the second amended complaint within sixty days of receiving electronic notice of this order.

The court **DISMISSES** "John Doe CO" as a defendant.

The court **GRANTS** the defendants' motion for an extension of time to file dispositive motions. The court **ORDERS** that any party wishing to file a dispositive motion shall file it in time for the court to receive it by the end of the day on **August 9, 2018**. As indicated in the scheduling order, opposition briefs and other materials are due thirty days from service of dispositive motions.

Dated in Milwaukee, Wisconsin this 9th day of July, 2018.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **United States District Judge**